UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD O. ROBINSON-JORDAN,

        Plaintiff,

v.

LORI A. JACOBSEN,

        Defendant.

_____/

CASE NO. 10-13858

NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Todd O. Robinson-Jordan is a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan. He has filed a *pro se* civil rights complaint against Lori A. Jacobsen, a hearing officer for the Michigan Department of Corrections. The complaint alleges that defendant Jacobsen abused her power as a hearing officer by disregarding Plaintiff's right to a fair and impartial hearing and by administering a punishment that outweighed the offense and was meant to cause emotional damage. Plaintiff has not specified the incident that gave rise to the hearing, nor the extent of the punishment, except to say that he was confined to his cell and deprived of the opportunity to exercise. He sues defendant Jacobsen in her official capacity for $125,000 in money damages.

### II. Standard of Review

Due to his poverty, the Court has granted Plaintiff permission to proceed without

prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint or any portion of it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### III. Discussion

Plaintiff's complaint lacks an arguable basis in law because hearing officers enjoy immunity from a suit for money damages. *Barber v. Overton*, 496 F.3d 449, 452-53 (6th

2

Cir. 2007); *Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988). Furthermore, Plaintiff has sued defendant in her official capacity for money damages. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citations omitted). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*, 491 U.S. at 71; 109 S. Ct. at 2312. And, to the extent that Plaintiff's allegations about defendant Jacobsen necessarily imply the invalidity of the punishment imposed at a prison disciplinary proceeding, his claims are not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589, 137 L. Ed. 2d 906 (1997).

### IV. Conclusion

Plaintiff's claims are frivolous, fail to state a claim for which relief may be granted, and seek money damages from a defendant who is immune from such relief. Accordingly, the complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he chooses to file an appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Nancy G. Edmunds  
Nancy G. Edmunds

3

United States District Judge

Dated: October 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager